# Dock *against* Hart.

Where an entire contract for the sale of lands is partially within the statute of frauds, the whole is avoided by it; but it is not avoided by it when the contract is proved and partly executed.

A bill of exception to the charge of the court, if taken after the verdict, is in time, if it be sealed by the court and sent up with the record.

ERROR to the Common Pleas of *Dauphin* county.

This was an action of ejectment by Jacob Dock and others against William Hart and others for a tract of land. The court below thus stated the facts of the case and charged the jury: — " The plaintiffs trace their title through a parol contract, or an alleged parol contract, made between Judge Green and his brother Richard Green for an exchange of property; the plaintiffs object to the charge of the court on the law as laid down to the jury. The court told the jury that it was necessary for the plaintiffs to make out by proof what the contract was between Innis Green and Richard Green; and that Richard Green entered into possession in pursuance of that contract; that the whole contract between the parties should be satisfactorily made out; its terms, conditions, and the consideration that induced the contract; and if the plaintiffs had not done that, they were not entitled to recover. It is not sufficient for them to prove what a part of the contract was, and that Richard Green, the person under whom

[Dock v. Hart.]

they claim, had done or paid all he had agreed to pay or do, on his part.   Hiram Hetzel, the only witness who gives evidence of what this contract was, testifies that some time in 1827 he was called on by Richard and Innis Green to write an agreement in relation to the exchange of some property.  ' They said they were going to exchange some property, and wanted me to do their sur- veying and draw their deeds and necessary writings.   Richard Green was to give Innis the tavern-house and twenty-seven acres of land, and Innis Green was to take on himself to pay some debts on the tavern property; one lien that I can remember was a claim of Updegrove, who did the carpenter work, which was about $500; there was more than this one lien, but I cannot recollect what it was.   Richard was to have the farm up Stony Creek Valley.   I made a survey of the twenty-seven acres, including the tavern-house.   I was requested then by the parties to survey the farm up in Stony Creek Valley, as soon as I could make it conve- nient, and Judge Green handed me a draft to go by when I could do it.   (The draft is given in evidence).   I drew the deed from Richard to Innis for the tavern-house and twenty-seven acres; it was executed and I witnessed it.   I never made the survey, nor wrote the other deed.   The tract up Stony Creek, the one now in dispute, was worth at the time about $1000; the tavern and twenty-seven acres about $4000; no money passed between the parties at the making of the contract, or making of the deed from Richard to Innis.   I do not know of any other consideration pass- ing but a conveyance of the land, and the payment of these liens.' Have the plaintiffs furnished satisfactory evidence of the considera- tion, so that the entire contract to its full extent can be known ? The jury are to say from all the evidence, if this has been done ; how much was Innis Green to pay in the exchange; this should be made out.   If he was to pay the liens on the property, cannot this be obtained from the records ?   Everything can be regarded as certain that can be reduced to a certainty ; and if the jury be- lieve that Innis Green was to pay the liens of record against the tavern-house, the jury may consider it satisfactory.   It is not enough for the plaintiffs to prove that Richard was to give the tavern-house and twenty-seven acres of land, and that he executed the deed accordingly ; he should also establish what he was to receive as the consideration; what land in exchange, if any ; and what amount of his debts or liens were to be paid.   In fact, he should prove the whole entire contract to the satisfaction of the jury."

The jury rendered a verdict for the defendants.   The next day the counsel for the defendants requested the court to reduce their charge to writing, and to seal a bill of exception to it.   The counsel for the defendants objected to it, on the ground that it was then too late ; but the court did as requested by the plaintiff's counsel, and the bill of exception came up with the record.

*M'Cormick*, for plaintiff in error, cited 3 *Watts & Serg*. 56; 1 *Watts & Serg*. 385; 9 *Watts* 85.

*Foster*, for defendant in error, contended that it was too late to except to the charge after verdict, and cited 1 *Serg. & Rawle*, 301.

The opinion of the Court was delivered by

GIBSON, C. J.—It was not denied that the plaintiffs had proved part performance on the part of Richard Green, whose title they claim, as well as the terms of the contract so far as it was sought to be enforced. The defect supposed to be in their proof was, that it did not show all the terms of the contract which were to be performed by Innis Green, under whom the defendants claim. The agreement on the part of Richard was to convey to Innis the tavern, with the lot appurtenant; and he performed it. On the part of Innis, it was to convey to Richard the tract in contest, and " to take on himself to pay some debts on the tavern property;" the nature and amount of which, or the names of the creditors to whom due, were not shown. Now if Richard were insisting on the agreement to pay the debts, the particulars would be material, and the terms of the agreement in respect to them would have to be shown. But why bind the plaintiffs to show a part of the agreement on which nobody insists, and which is therefore obsolete? I admit that where an *entire* contract is *partially* within the statute of frauds, the whole is avoided by it; as in *Cooke* v. *Tombs*, (*Anstr*. 420); *Lea* v. *Barbor*, (*Ib*. 425, *n*.); and *Chater* v. *Becket*, (7 *T. R*. 201); yet it was admitted in *Buckmaster* v. *Harrop*, (7 *Ves*. 344), that a parol purchase of several lots of land sold together to the same purchaser, but by distinct particulars, might be made available by part performance as to one of them without being so as to the others. None of these cases, however, touch the one before us. The question is not whether a part of the contract within the statute draws the rest to it, but whether the terms of more of it need be proved than, without such proof, would be within the statute, or is sought to be enforced. The whole consideration must be proved; but was it not? It was a conveyance of the tavern with its lot to Innis, who agreed to pay the liens; and if Richard was not personally liable for them—which does not appear — the agreement was no more than that Innis should take the property subject to the incumbrances. But even if the agreement was that Innis should pay in case of Richard's liability, the result is the same, as Innis does not insist on that part of it. Had there been a fraudulent misrepresentation as to the amount of them, it might have been shown; but nothing of the sort was pretended. What matters it, then, how great their amount, or to whom owing? The principal part of the contract, which was the engagement to convey, was originally within the

[Dock v. Hart.]

statute; and if it were void for that reason, the subordinate engagement to pay the liens would share its fate; but by taking the principal out of the contract by part performance and proof of its terms, the whole is made available, and an action would lie for non-payment of the liens. But there was no evidence of an engagement by Innis to pay them, or that he agreed to do more than take the property subject to them, whatever they might be; and it does not appear that the terms of the contract were not proved exactly as they had been expressed.

Judgment reversed, and *venire de novo* awarded.